# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | **JUDGE RICHARD L. SPEER** |
| James Lee Smithey | ) ) | Case No. 10-3135 |
| Debtor(s) | ) ) | (Related Case: 10-30310) |
| Bruce Comly French, Trustee | ) ) | |
| Plaintiff(s) | ) ) | |
| v. | ) ) | |
| James Smithey, et al. | ) ) | |
| Defendant(s) | ) | |

## DECISION AND ORDER

This cause is before the Court on two Motions filed by the non-trustee Plaintiffs, Frost & Co., Inc., Frost Mechanical, Inc., Dick Nagel Electric, Inc. and John McCormick. (Doc. No. 56). For their first Motion, the non-trustee Plaintiffs seek "leave to amend the Complaint to include an additional party Defendant, Choctaw Properties, LLC." (Doc. No. 56). For their second Motion, the non-trustee Plaintiffs request that this "Court schedule a Pre-Trial and Trial so that this matter may be heard and determined on the merits." (Doc. No. 55). The Trustee, also a Plaintiff in this adversary proceeding, is not a party to either of these Motions. For the reasons delineated below, the Motions of the non-trustee Plaintiffs will be Denied.

## BACKGROUND

The Defendant, James Smithey, is the Debtor in this adversary proceeding, having filed a petition in this Court on January 22, 2010, for relief under Chapter 7 of the United States Bankruptcy Code. On September 16, 2010, the Court entered an order of discharge in favor of the Debtor. On August 8, 2012, the Trustee filed a Final Account and Certification that the Estate has been Fully Administered.

This adversary proceeding was commenced on May 16, 2010, by the non-trustee Plaintiffs to avoid certain fraudulent transfers allegedly made by the Defendant/Debtor. (Doc. No. 1). Pursuant to a later order entered by the Court, the Trustee was substituted as the plaintiff and the real party-in-interest in this adversary proceeding. (Doc. No. 24). At the same time, the Court also ordered that the plaintiff in this case be re-captioned as "Bruce Comly French, Trustee." *Id.*

Subsequently, as a part of a proposed global settlement concerning multiple matters related to the Defendant/Debtor's bankruptcy case, the Trustee sought to assign all of his interest in this adversary proceeding to the non-trustee Plaintiffs. (Main Case Doc. No. 89, ¶ 7). An order, approving the assignment, was subsequently entered by the Court. (Doc. No. 42). After an appeal of this order was voluntarily dismissed, this adversary proceeding was administratively closed. (Doc. No. 53).

## DISCUSSION

It is apparent that the non-trustee Plaintiffs, in bringing their two Motions before the Court, seek authority to litigate in this Court matters regarding alleged fraudulent transfers made by the Defendant/Debtor. This Court, however, is not the proper forum for the non-trustee Plaintiffs to litigate such matters. This determination is predicated foremost on the concern that this Court lacks

any jurisdictional basis to hear and determine the fraudulent transfer action brought by the non-trustee Plaintiffs.

In a bankruptcy case, a fraudulent transfer action is governed by § 548. As well, if applicable nonbankruptcy law permits, a fraudulent transfer action may be maintained under § 544(b). Both of these provisions, however, expressly vest the power to avoid a fraudulent transfer action in just one person, the bankruptcy trustee. Hence, the basis of this Court's order to substitute the Trustee, Bruce French, as the plaintiff in this matter, as he is the real party-in-interest.

In an analogous situation, involving whether a creditor could use § 506(c) of the Code to surcharge the estate, despite the provision's grant of such authority to only the bankruptcy trustee, the United States Supreme Court decided against the creditor. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 120 S.Ct. 1942 (2000). In doing so, the Court observed that "[w]here a statute names the parties granted the right to invoke its provisions, such parties only may act." 530 U.S. at 6-7. (citation and internal punctuation omitted).

To be sure, it is still recognized that, despite the holding in *Hartford Underwriter*, a creditor may still come before the Court to seek derivative standing to pursue a fraudulent transfer action on behalf of the trustee. *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231 (6th Cir. 2009). The concept of derivative standing, however, still means that the real party-in-interest is the trustee. This, however, is not the case in this adversary proceeding.

The non-trustee Plaintiffs do not seek to prosecute their fraudulent transfers claims on behalf of the trustee – that is, for the benefit of the bankruptcy estate. In this regard, if the non-trustee Plaintiffs were to prevail on their claims, they, and not the bankruptcy estate, would be the only claimants to benefit. Moreover, for a creditor to pursue derivative standing on behalf of a trustee,

Page 3

such relief must be specifically sought from the Court and must be grounded in equity, such as where a trustee unjustifiably refuses to bring an avoidance action. *Id.* 242-43. Neither of these prerequisites, however, is present.

In fact, in this adversary proceeding, the non-trustee Plaintiffs specifically withdrew their motion to have themselves reinstated as party plaintiffs. (Doc. No. 34). More importantly, equity does not support allowing the non-trustee Plaintiffs to use this forum as the place to pursue their fraudulent transfer action. First, the Trustee in the Defendant/Debtor's bankruptcy case did not unjustifiably refuse to bring a fraudulent transfer action. To the contrary, the Trustee was active in this adversary proceeding, but ultimately determined that, given a cost-benefit analysis for the estate, this adversary proceeding was not worth pursuing.

It is also relevant that the non-trustee Plaintiffs will not be prejudiced on their fraudulent transfer claim against the Defendant/Debtor if this Court does not adjudicate the claim. In fact, just the opposite is true, with the Trustee having assigned his interest in the fraudulent transfer claims to the non-trustee Plaintiffs. The non-trustee Plaintiffs are, thus, free to pursue their fraudulent transfer allegations in another forum.

The other forum, moreover, will presumably be an Ohio state court, making it particularly well-suited to adjudicate the non-trustee Plaintiffs' fraudulent transfer claim. In this regard, the non-trustee Plaintiffs cite to "Ohio Revised Code Chapter 1336 Uniform Fraudulent Transfer Act" as the basis for their fraudulent transfer claim against the Defendant/Debtor. (Doc. No. 1, ¶ 17).

Finally, contrary to what was suggested by the non-trustee Plaintiffs, this Court's authority under Bankruptcy Rule 7001(9) to enter "declaratory judgments" does not confer jurisdiction upon this Court to hear and determine their fraudulent transfer claim. Bankruptcy Rule 7001(9) provides that this Court can enter declaratory judgment, but limits such authority to only those matters

Page 4

"relating to any of the forgoing"[1] adversary proceedings for which an otherwise jurisdictional basis exists. Consequently, since no jurisdictional basis exists, in the first instance, to adjudicate the non-trustee Plaintiffs' fraudulent transfer claim in this Court, Bankruptcy Rule 7001(9) cannot be used to create jurisdiction where no jurisdiction otherwise exists.

This overall conclusion, that this Court is not the proper forum to adjudicate the fraudulent transfer claim brought by the non-trustee Plaintiffs, is simply in keeping with the limited goals bankruptcy law seeks to promote: (1) that of affording a discharge to a deserving debtor, and (2) that of equitably paying the legitimate claims of the debtor's creditors. *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1203 (9th Cir. 2005). In this case, however, a discharge has been entered in favor of the Defendant/Debtor and the Trustee has administered all the claims of creditors. Consequently, no bankruptcy purpose would be served by this Court hearing the non-trustee Plaintiffs' fraudulent transfers claims. As this Court noted in a prior decision entered in the Defendant/Debtor's bankruptcy case: "for all practicable purposes, [the litigation does] not involve the estate, but is rather simply a dispute between two parties: the Debtor and John McCormick." *In re Smithey*, Slip Copy, 2011 WL 3102308 (Bankr. N.D.Ohio 2011).

---

[1] An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

> (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing[.]

Page 5

Accordingly, for all these reasons, it is hereby

**ORDERED** that the Motion for Leave to Amend the Complaint, (Doc. No. 56), be, and is hereby, DENIED.

**IT IS FURTHER ORDERED** that the Motion to set a Pre-Trial and Trial, (Doc. No. 55), be, and is hereby, DENIED.

Dated: September 10, 2012

Richard L. Speer
United States
Bankruptcy Judge

Page 6

# CERTIFICATE OF SERVICE

Copies were mailed this 10th day of September, 2012 to:

Derek A Younkman
101 N. Elizabeth Street
6th Floor
Lima, OH 45801

U.S. Trustee
HMM US Courthouse
201 Superior Ave., Ste. 441
Cleveland, Ohio 44114

Raymond L. Beebe
1107 Adams St
Toledo, OH 43604

Randy Lee Reeves
973 W. North St
Lima, OH. 45805

Michael A. Staudt
Joshua A.Koltak
Courtview Center, Ste. 300
100 South Main Ave.
Sidney, Ohio 45365

Bruce C. French
P.O. Box 839
Lima, Ohio 45802

Quentin M. Derryberry, II
103 South Blackhoof St.
P.O. Box 2056
Wapakoneta, Ohio 45895

_____/s/ Teresa Y. McBee_____
Deputy Clerk, U.S. Bankruptcy Court